HENRY GREENBERG & BROS. EXPORT & IMPORT CO., INC. *v.* UNITED STATES (No. 4983)[1]

[1] C. A. D. 709.

United States Court of Customs and Patent Appeals, June 30, 1959

*Jordan & Klingaman* (*J. L. Klingaman* of counsel) for appellant.
*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section, for the United States.
*Lamb & Lerch* (*David A. Golden* of counsel) amicus curiae.

Before WORLEY, Acting Chief Judge, RICH, MARTIN, and JOHNSON (retired), Associate Judges.

WORLEY, Chief Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, C.D. 2032, overruling the importer's protest and sustaining the collector's classification of the merchandise, consisting of 100-foot lengths of roller chain designed for use on bicycles, under the provision for "Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished," in paragraph 329 of the Tariff Act of 1930. It was claimed in the protest that the merchandise should be classified under the provision for chain and chains of all kinds made of iron or steel, less than five-sixteenths of one inch in diameter, of the same paragraph or, alternatively, under paragraph 397 as articles or wares not specially provided for, whether partly or wholly manufactured, composed wholly or in chief value of metal.

The pertinent statutory provisions are as follows:

Par. 329, as modified by T.D. 51802:

Chain and chains of all kinds, made of iron or steel:

| | |
|---|---|
| Not less than three-eighths of one inch in diameter_____ | ½¢ per lb. |
| Less than three-eighths and not less than five-sixteenths of one inch in diameter_____ | 1¢ per lb. |
| Less than five-sixteenths of one inch in diameter_____ | 2¢ per lb. |

Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished:

| | |
|---|---|
| Valued at less than 40 cents per pound_____ | 30% ad val. |

Par. 397, as modified by T.D. 51802:

Articles or wares not specially provided for, whether partly or wholly manufactured:

 *     *     *     *     *     *     *

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

    Other (except slide fasteners and parts thereof)_____ 22½% ad. val.

It is agreed that the instant merchandise is the same in all respects as that which was before this court in *United States* v. *Henry Greenberg & Bros. Export & Import Co., Inc.*, 44 CCPA 48, C.A.D. 636, and which we there held to be classifiable under the same provision of paragraph 329 under which the instant merchandise has been classified by the collector. The issue presented here is the same as in that case except that the alternative claim for classification under paragraph 397 has been added.

The Customs Court gave careful consideration to the importer's contentions before concluding that the collector's classification was in accordance with the cited decision. We are in agreement with that finding, and in view of the thorough treatment by the Customs Court, coupled with our decision in the earlier case, we think further discussion is unnecessary. For the reasons fully set forth in those decisions, we agree that the instant merchandise is dutiable under paragraph 329 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, as "Chains of iron or steel used for the transmission of power, of not more than two-inch pitch, and parts thereof, finished or unfinished; valued at less than 40 cents per pound," as found by the collector and the Customs Court. That conclusion disposes of the importer's claim for classification under paragraph 397, a basket paragraph including only articles or wares not specially provided for.

The judgment of the Customs Court is *affirmed*.